# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENCE WALKER, | CASE NO. 1:09-cv-01263-GBC PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | (Doc. 1) |
| Defendants. | |

Plaintiff Florence Walker ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently pending before the Court is the complaint, filed July 21, 2009.  (Doc. 1.)  On December 30, 2010, the Court screened the complaint and issued an order to show cause for failure to exhaust administrative remedies prior to filing suit.  (Doc. 9.)  On January 20, 2011, Plaintiff filed a reply submitting the directors level response, dated August 4, 2009.  (Doc. 11, p. 3.)

"[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court."  Jones v. Bock, 127 S. Ct. 910, 918-19 (2007) (citing Porter v. Nussle, 435 U.S. 516, 524 (2002)).  "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739 n.5).  Where the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice, even where there has been exhaustion while the suit is pending.  Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir.

2006); Lira v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005); McKinney v. Carey. 311 F.3d 1198, 1200-01 (9th Cir. 2002).

Since Plaintiff filed this action on July 21, 2009, and the director's level response was not issued until August 4, 2009, she had not exhausted administrative remedies prior to filing suit. Because it is clear from the face of Plaintiff's complaint that she has not yet exhausted the administrative grievance procedure, this action must be dismissed. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . ."); see also Davis v. Pineda, 347 Fed.Appx. 343 (9th Cir. 2009) (unpublished).

Accordingly it is HEREBY ORDERED that:

1. This action be dismissed, without prejudice, for failure to exhaust administrative remedies prior to filing suit; and

2. The Clerk of the Court is ordered to close this action.

IT IS SO ORDERED.

Dated:   January 21, 2011

UNITED STATES MAGISTRATE JUDGE